UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CHARLES EDWARD JONES, JR., | ) |
| Petitioner, | ) |
| v. | ) Civil Action No. 10-1186 (ESH) |
| SIMON T. WAINWRIGHT, | ) |
| Respondent. | ) |

## MEMORANDUM OPINION

In this action for a writ of *habeas corpus*, petitioner, a District of Columbia prisoner, challenges the calculation of his sentence of five to 15 years' imprisonment. Specifically, he claims that he has "lost twice" credit for time spent on parole ("street-time credit"). (Pet. at 6.) In a supplemental filing, petitioner challenges on due process grounds actions allegedly taken by the defunct District of Columbia Parole Board ("Parole Board") between August 23, 1999 and February 5, 2001. (Pet'r's Mem. of P. & A. in Supp. of Writ of Habeas Corpus [Dkt. No. 9].) In its opposition to the petition, the United States Parole Commission ("Commission") asserts that this action should be dismissed as successive, moot or an abuse of the writ, or that the petition should be summarily denied. Upon consideration of the parties' submissions and the entire record, the Court will deny the petition and dismiss the case.

## BACKGROUND

On September 27, 1996, the Superior Court of the District of Columbia sentenced petitioner to five to 15 years' imprisonment following his plea of guilty to second degree

burglary (Case No. F 3906-93). (Resp't's Ex. 1.)[1] On November 13, 1998, the Parole Board released petitioner to parole supervision, where he was to remain until his full-term date of October 14, 2009. (Ex. 4.) On August 23, 1999, the Board issued a parole violator warrant based on petitioner's arrest for second degree theft and destruction of property, which was executed on August 30, 1999. (Exs. 6, 7.) On October 20, 1999, the Superior Court sentenced petitioner to 180 days' imprisonment following his plea of guilty to second degree theft (Case No. M 10144-99), and ordered that it be served "consecutive to any other sentence being served." (Ex. 8.) On April 24, 2000, the Parole Board revoked petitioner's parole "for criminal and noncriminal violations" and ordered a reparole hearing by November 30, 2000. (Ex. 9.)

On February 5, 2001, the Commission, having assumed parole authority over District of Columbia prisoners, conducted petitioner's reparole hearing. (Ex. 10.) By Notice of Action dated February 28, 2001, the Commission ordered petitioner's release to parole supervision on August 5, 2001, after his service of 24 months from execution of the violator warrant. (Ex. 11.) Petitioner was released to parole in F 3906-93 until his recalculated full-term date of June 13, 2010, but he remained in custody to serve the 180-day consecutive sentence imposed in M-10144-99. (Ex. 12.) Petitioner completed service of the latter sentence on January 7, 2002, and was released to parole supervision to complete the former sentence. (Ex. 13.)

On January 16, 2003, the Commission issued a parole violator warrant based on petitioner's arrest on December 25, 2002, for burglary and unlawful entry, which was executed on April 28, 2003. (Exs. 14, 15.) On May 28, 2003, the Commission issued a supplemental warrant adding the charge of attempted theft of a motor vehicle. (Exhibit 16.) Following a

---

[1] All cited exhibits are attached to the U.S. Parole Commission's Opposition to Petitioner's Petition for a Writ of Habeas Corpus [Dkt. No. 12].

revocation hearing on August 4, 2003, the Commission, by notice dated August 21, 2003, revoked petitioner's parole, forfeited his street-time credit, and set a reparole date of August 26, 2004, after petitioner's service of 16 months. (Exs. 17, 18). Petitioner was released to parole supervision on August 26, 2004, where he was to remain until his recalculated full term date of April 15, 2012. (Ex. 19.)

On March 11, 2008, the Commission issued a parole violator warrant based on petitioner's alleged failure to report to his supervising officer and to submit to drug testing, and his arrest for operating a vehicle with expired tags and driving an unregistered vehicle. (Exs. 20, 21.) The warrant was executed on March 19, 2008. (Ex. 21.) But on March 28, 2008, in response to a request by the Court Services and Offender Supervision Agency (Ex. 22), the Commission terminated the revocation process and petitioner was re-released that day to parole supervision. (Exs. 23, 24.) On July 4, 2009, the petitioner was arrested and charged in Superior Court with second degree murder while armed (Case No. 2009-CF1-14683). (Ex. 25.) Consequently, the Commission issued a parole violator warrant on May 24, 2010, which is lodged as a detainer but remains unexecuted. (Exs. 26, 27, 28.)

Petitioner, awaiting trial on the foregoing murder charge, filed this action on July 14, 2010, from the District of Columbia Jail. He requests, among other relief, "that the [respondents] terminate his parole sentence in F-3906-93, or . . . compensate him in compensatory monetary damages, in the amount of $450,000.00." (Pet'r's Mem. at 6.)

**DISCUSSION**

District of Columbia prisoners are entitled to *habeas corpus* relief under 28 U.S.C. § 2241 if they establish that their "custody is in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241 (c)(3). At the outset, petitioner's claims arising from the

Parole Board's actions are moot, *see Franklin v. District of Columbia*, 163 F.3d 625, 632 (D.C. Cir. 1998) ("the National Capital Revitalization and Self- Government Improvement Act renders moot plaintiffs' claims concerning parole hearings before the local Board of Parole. . . ."), as is his claim for any equitable relief arising from the Commission's four-month delay in providing a parole hearing previously scheduled by the D.C. Parole Board. *See Sutherland v. McCall*, 709 F.2d 730, 732 (D. C. Cir. 1983) ("The appropriate remedy for a [delayed revocation hearing] is a writ of mandamus to compel the Commission's compliance with the statute not a writ of habeas corpus to compel release on parole or to extinguish the remainder of the sentence."); *Colts v. U.S. Parole Comm'n*, 531 F. Supp.2d 8, 11 (D.D.C. 2008) ("[B]ecause the USPC already has conducted both [probable cause and revocation] hearings, petitioner is not entitled to mandamus relief."); *Fletcher v. United States Parole Comm'n*, 550 F. Supp. 2d 30, 44 (D.D.C. 2008) ("A case is considered moot either when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome.") (quoting *Powell v. McCormack*, 395 U.S. 486, 496 (1969)). In addition, petitioner's claim for monetary damages is not cognizable absent official invalidation of the challenged detention, *see Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), which has not occurred.

What remains for consideration is petitioner's claim that he is entitled to 180 days' credit toward his sentence imposed in F3906-93 for the same time period that he served the 180-day sentence imposed in M 10144-99. This claim is baseless because the prison term imposed in M 10144-99 was ordered to run consecutively to any other sentence. Therefore, petitioner was properly credited only for "the maximum and the minimum term of imprisonment for time spent in custody . . . as a result of the offense for which [the latter] sentence was imposed." D.C. Code § 24-221.03. The Commission correctly argues that petitioner's success on this claim "would, in

effect, convert the [latter] sentence to a concurrent sentence, in direct contravention of the [sentencing court's intention]." (Resp't's Opp'n at 22.)

To the extent that petitioner is challenging the rescission of his street-time credit upon his multiple parole revocations prior to May 2009, the Commission was required by District of Columbia law to rescind such credit and to recalculate petitioner's sentence accordingly.[2] *See United States Parole Commission v. Noble*, 693 A.2d 1084, 1094-1104 (D.C.1997), reinstated 711 A.2d 85 (D.C. 1998) (en banc) (interpreting D.C. Code § 24-406(a) as requiring the forfeiture of street-time credit when one's parole is revoked); *Thompson v. District of Columbia Dep't of Corrections*, 511 F. Supp. 2d 111, 113 (D.D.C. 2007) (explaining that "upon each of petitioner's parole revocations, the number of days he spent on parole was properly rescinded and, thus, no longer counted towards the service of his prison term[,] [thereby] . . . return[ing] him to the position he would have been but for his release to parole.") (citation omitted).

For the foregoing reasons, the Court finds no bases for issuing the writ and, thus, denies the petition. A separate Order accompanies this Memorandum Opinion.

/s/<br>
ELLEN SEGAL HUVELLE<br>
United States District Judge

DATE: October 19, 2010

---

[2] Effective May 20, 2009, the Commission is required to forfeit street-time credit only "[i]f a parolee is convicted of a crime committed during a period of parole." D.C. Code § 24-406(c)(2). The current provision does "not apply to any period of parole that was revoked prior to May []2009." D.C. Code § 24-406(d).